

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-69,319-04

### EX PARTE JIMMY JAY JENSEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 05-1310-K277E IN THE 277TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts of aggravated sexual assault of a child, and two counts of indecency with a child by contact. He was sentenced to life imprisonment for each of the aggravated sexual assaults, and twenty years' imprisonment for each of the indecency counts. The Third Court of Appeals affirmed his conviction pursuant to an *Anders* brief filed by counsel, noting that Applicant had been advised of his right to file a *pro se* response brief, but that no such brief had been filed. *Jensen v. State*, No. 03-06-00694-

CR (Tex. App. — Austin, May 31, 2007) (not designated for publication).

Applicant contends that he has been denied due process because the trial court never provided him with access to the record for the purpose of filing a *pro se* response brief, despite Applicant's request and counsel's request that he be provided such access.

The trial court has determined that Applicant did in fact request access to the record for the purpose of filing a *pro se* response brief, but that there is no indication that he was ever provided with such access. We find that Applicant is entitled to the opportunity to file an out-of-time *pro se* response brief to counsel's *Anders* brief in his appeal of the judgment of conviction in Cause No. 05-1310-K277 from the 277th District Court of Williamson County. Applicant is ordered returned to that time at which he may review the record and prepare a *pro se* response to counsel's *Anders* brief. Within ten days of the issuance of this opinion, the trial court shall provide Applicant with access to his trial records for the purpose of filing a *pro se* response brief. We hold that, should Applicant desire to file a *pro se* response brief, he must take affirmative steps to file his brief in the Third Court of Appeals within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 9, 2018
Do not publish